Henderson, Judge,
dissentienle — The words « stand to” mean, not to fly from, and the words “ abide by,” to acquiesce in. They import nothing active; they are fully satisfied by inaction. But, like all other words, the representatives of ideas, they may mean something more, but that farther meaning must be collected from the context: for in the construction of words, as well when not reduced to writing as when they are, they must all be taken together, and the meaning of one word may be cither abridged or enlarged by others. The term « heirs general” is frequently construed “ heirs special,” or heirs of the body,-.when by other expi’essions in the same instrument it appears that they were used in that sense. So the words “ stand to and abide by” in bonds or agreements of submission to arbitration, may import an obligation to perform the award, that is something active, when they are the only words used, as is sometimes the case; although more properly their meaning is referable to the acquiescence in the award, promised by or imposed upon the claimant in the submission, than to the performance of the party, who merely resists the claim. But as it is quite clear that from their very nature all submissions to an award impose on the claimant an acquiescence in the award in consideration of the performance promised by the adverse party, the very nature of the transaction requires that such exposition should be. given to the words; otherwise it is not the thing which every other part of the transaction declares it to be. The authorities, therefore, which go to show that these words, when solely used in submissions to awards;, impose an *352 obligation of performance, do not prove ‘that such is the meaning of these Words wherever inserted uninfluenced by others; but that such meaning may, from the context, be ■ imposed on them when the thing could not be what it professes to be without giving them such meaning. Upon examination of the other parts of this obligation, so far from finding any thing by which the natural import of these words can be extended t.o performance of the judgment of the Court, there are strong indications of a contrary intent. The words alluded to are, shall appear at Court; the whole sentence standing thus: “if the said Michael Boney shall appear at Court, stand to and abide by.” They are all acts of the same class, the one is conducive to the other. He shall appear at Court, to show that he flies not from the judgment, and that he acquiesces in it, that the Court may have it in its power to make the judgment effectual. But if it is understood as the plaintiff contends, that is, that he shall appear at Court, stand to and perform the judgment of the Court, two acts are required to be done in which the obligee is not at all interested; it is a matter of no importance to him whether the ob-ligor appears at court or not, whether he stands to the judgment or not; if the money is paid, it is all that he can rightfully require. For why does the obligee require his presence to compel him to pay the money? He has the security bound that he shall actually do it; not only that he shall place himself in a situation that a payment may be enforced, but he is bound that an actual payment shall be made. To test the correctness of this reasoning, suppose that the obligor had actually paid off the judgment, but had failed to appear at court; in a suit brought on the bond, the defendant pleads such payment or satisfaction; the plaintiff replies, that he did not appear at Court: if the words of the bond are taken as stated last above, and as the plaintiff contends they should be read, then payment is no discharge, for the obligation imposed a .performance of three acts, viz. appearance, standing to, *353 and payment. If taken, therefore, according to this redd-ing, the bond is forfeited, although the judgment was actually performed. I do not put this case to show, that if such were the words of the bond, that payment being the major and containing in itself the minor, would not save the penalty; for upon the strictest rules of law, nothing but nominal damages could have been recovered for not appearing at Court, as on a covenant to do any other indifferent act not prejudicial or beneficial to the plaintiff. But I put the case for the purpose of showing that the obligation would be incongruous, and the bond should not he so read, if it could be read otherwise; much less should it be so read when such reading would be incongruous and enforce unnecessary and superfluous obligations; whereas if it is read as the defendant contends it should be, by giving the proper meaning to the words, the incongruity would he avoided. Each act is conducive to the other, and in each the obligee would have an interest. And that they would not he incongruous, is shown, not by assertion, or even by reasoning which may mislead, but by authorities of the highest kind; I mean the form of the bail bonds of our country, both in civil and criminal cases, and recognizances of hail in England in civil and criminal Courts also. There the words are, shall appeal', and answer, and stand to, and abide by; no incongruity can be attributed to such high authority; which also proves that the words do not import an obligation of performance, for we all know that bail are not bound that the principal shall perform the judgment of the Court. Appearance and acquiescence is all the obligation which such words impose. But we are met by what was considered an unanswerable authority, viz. that the words abide by are the only obligatory words which are used in directing bonds to he given upon appeals from the Superior Courts to this Court, and that in such bonds these words alone impose an obligation of performance. (Seo the act of 1818, establishing this Court.) *354 To my mind this is a strong authority the other way. It is not denied that words may he explained by the context, that they may bo abridged or enlarged thereby. Heir gCneral is frequently read heir special; the words children, read heirs, when by something in the same writing it appears that they were used in that sense. So here, the legislature having declared that the same remedy should be had upon appeal bonds to this Court, as are required by prior laws upon appeal bonds from the County to the. ■Superior Court; and such bonds imposing an actual performance on the obligors, and the ads of assembly having directed judgments to be entered against them for the full amount of the recovery, it is quite evident that the legislature in this act used the words “ abide by” as imposing an obligation of actual performance, for the same remedy implies the same rights, and from the context we arrive at the meaning of the words “abide by.” But this is a solitary instance, as far as I know, and I presume as far as the counsel for the plaintiff knows, in which the legislature has used the words to import an obligation of actual performance; and an occasion to express that idea must have very often occurred in that body since it first began to legislate, and a much longer period has passed since England had a parliament, and I do not know oí a single instance where they have used it in that sense. To be sure this is negative authority; but so many negatives amount almost to positive authority. I think, also, that this construction meets the real justice of the case; for when the same words are used which are used in bail bonds, a transaction of almost daily occurrence and with which the people are conversant, it is highly reasonable to presume that the obligors thought they v ere incumng the obligations of bail only, as the same words were used in bail bonds. I therefore think there should bo a new trial.